Grafton,
July 2, 1951. } No. 4048.

ALETEA E. SMITH *v.* PAUL A. BRETSCHNEIDER AND E. A. BRETT.

*Hazen K. Sturtevant* for the plaintiff.

*Malcolm H. Thompson* for the defendants.

BLANDIN, J. It is undisputed that the defendants failed to produce a customer financially able to buy the plaintiff's property and under these conditions our law is well settled that there can be no recovery. *Philbrick* v. *Chase,* 95 N. H. 82, and cases cited. The decision in *Parker* v. *Estabrook,* 68 N. H. 349, where agreements existed similar to those here is not authority for the defendants' position. There the broker was allowed to recover his agreed commission of $100 from a payment of $200 under a liquidated damages clause. However, the court was careful to say "There is no suggestion in the present case that the purchaser, Marston, was not pecuniarily responsible and able to answer according to his contract. When the vendor accepts the purchaser and enters into a contract with him, the solvency of the purchaser is to be presumed in the absence of proof." *Id.,* 350. In the case before us there is evidence which the Court could reasonably believe flatly rebutting any presumption of the buyers' solvency. The agreement of the parties and their practical construction of it warrants the conclusion that the commission was to be payable only upon performance of the purchaser's undertaking. Furthermore the facts compel no finding of any waiver or estoppel in favor of the defendants. *McCracken* v. *Insurance Company,* 94 N. H. 474, and cases cited; *Barclay* v. *Dublin Lake Club,* 89 N. H. 87, 90. It follows the order is

*Judgment on the verdict.*

All concurred.